### KAPLAN v. SCHANNON.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

ATTACHMENT (§ 100*)—GROUNDS—REMOVAL OF PROPERTY TO DEFRAUD CREDITORS—AFFIDAVITS—SOURCE OF INFORMATION AND GROUNDS OF BELIEF.

Where plaintiff sued out an attachment on the ground that defendant was about to remove his property from the state to avoid and defraud his creditors, but in none of the supporting affidavits did plaintiff comply with the rule requiring that the sources of his information and the grounds of his belief should be set forth, and where he alleges facts on knowledge he must state the circumstances, so that the court may determine whether he has knowledge, and where defendant, in opposition, denied that he had at any time any intention to remove from the state,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and plaintiff had no difficulty in locating defendant in order to attach the property, the attachment was unsustainable.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 255-257; Dec. Dig. § 100.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Samuel Kaplan against Maurice A. Schannon. From a Municipal Court order, denying defendant's motion to vacate an attachment, defendant appeals. Reversed, and attachment vacated.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Leon Sanders, of New York City (Jacob Zelenko, of New York City, of counsel), for appellant.

A. M. Becker, of New York City (Robert E. Palmer, of New York City, of counsel), for respondent.

DELANY, J. The original affidavit used to secure the warrant of attachment was made by a person other than the plaintiff, and it recites:

"III.—That the defendant has left the city and state of New York, and is about to remove his property therefrom, for the purpose of avoiding and defrauding his creditors. That the source of the deponent's information and the grounds of his belief are inquiries made at the address furnished to the plaintiff by the defendant as his place of residence, to wit, 1466 Wilkins avenue, borough of the Bronx, city of New York. That deponent's further source of information and the grounds of his belief are inquiries made at the public garage at 180th street and Mapes avenue. That such inquiries showed that the defendant had removed to Seabright, N. J., where he had taken up a residence, and to which place he had removed part of the property, and was about to remove the remainder of such property."

Nothing in the foregoing affidavit sets forth either the sources of the affiant's information or the grounds of his belief. The names of the persons inquired of, their business, the nature and substance of their replies, or the sources of their information, were not set forth; nor was any excuse offered for the failure of any persons furnishing information to make affidavits in the premises at the time of the issuance of the warrant.

On the motion to vacate the warrant of attachment, the defendant and the plaintiff both submitted additional affidavits. The defendant made affidavits in which he denied the allegations of the affidavit used by plaintiff to secure the warrant. The defendant swears positively that he never was in Seabright, N. J., in his life; that he never had the slightest intention of going there, nor has he removed or intended to remove any of his property from the city to New Jersey, or elsewhere; and that his residence is 855 East 172d street, Bronx.

The plaintiff on the motion to vacate produced his own affidavit, in which he states he relied on the information given him by Siebert, upon whose original affidavit the warrant was issued, and who, plaintiff deposes, at his request made inquiries to determine the defendant's whereabouts. He further alleges that he personally made inquiry of

one Durso, an alleged holder of defendant's check that had been returned by the bank unpaid, and that "said Durso informed me that he had  *  *  *  made a diligent search to locate Schannon, but without success, *as he was informed from the facts as he found them to be,* that the said Schannon had removed his property and person from the state of New York, or was in hiding within the state for the purpose of evading his creditors"; that one Mosely, a garage owner, also holder of an unpaid check drawn by the defendant, "expressed it as his opinion that the said Schannon was irresponsible financially, and had, in order to avoid his creditors, secluded his property within the state of New York, or had removed it from the state of New York;  *  *  * said Mosely also said that the said McKay (a chauffeur) had made repeated and diligent efforts to locate the said Schannon without results; that plaintiff inquired of one Jaffess, an automobile tire dealer, holder of an unpaid check drawn by the defendant, and that Jaffess informed him that he had made unsuccessful efforts to locate the defendant, and had inquired at various garages in Manhattan and other places, and at an address at which he had reason to believe Schannon might be located; and that "Jaffess stated to me that it was known that the said Maurice A. Schannon was concealing his whereabouts for the purpose of defrauding his creditors."

The affiant Siebert, in his additional affidavit, says that a person in charge of a garage had told him that the defendant had informed such person that he was about to sell his cars, and give up the automobile business, and go to Seabright, N. J.  The name of such informant is not set forth, nor the reason given for his failure to make affidavit herein.  Siebert further says he made inquiries at various garages and at various addresses in the Bronx, in an effort to locate the defendant, and "that thereafter I resorted to a subterfuge to locate the said Maurice A. Schannon, and called up the Crystal Film Company.  *  *  * I was informed by the person answering the telephone that the said Maurice A. Schannon's address was unknown, but that said Schannon stored a Packard automobile  *  *  *  in a coal yard  *  *  *  at 173d street, in the borough of the Bronx, city of New York."  Thereafter Siebert telephoned Schannon at a saloon, and as a result of the talk on the telephone Schannon brought his machine to an agreed place, and Siebert then pointed out the machine to the marshal, who seized it.

The foregoing excerpts from some of the affidavits are substantial samples of the same allegations contained in the balance of the affidavits submitted.  In none of them has the rule been complied with which requires that the sources of the affiant's information and the grounds of his belief should be set forth in detail, and that where he alleges his facts on knowledge he must set forth the circumstances, so that the court may determine whether or not he is in a position to assert that he knows the matters as of his own knowledge.  The affidavits herein are full of glittering conclusions, that "it is believed," or "it is known," or "it is of the affiant's opinion," that the defendant had gone to New Jersey.  The statements seem to lack bona fides.

In view of the fact that the affiant Siebert had no difficulty in finally locating the defendant in order to have the marshal seize the car, and in view of the defendant's positive affidavit that at no time was he

ever in Seabright, and at no time did he ever contemplate going to Seabright, and in view of the further fact that he sets forth his address in the Bronx, it would appear that the defendant is at present, and has been for some time past, a resident of the state of New York, and at no time has he removed to New Jersey.

Order reversed, with costs, and attachment vacated, with costs. All concur.